FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 15, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NAATHON-RAY JOHNSON,<br><br>    Plaintiff,<br><br> v.<br><br>STEVENS COUNTY SHERIFF'S DEPARTMENT; RURAL RESCOURCES; ALLIANCE MENTAL HEALTH SERVICES; MOUNT CARMEL HOSPITAL/PROVIDENCE MEDICAL SERVICES; and SOCIAL SECURITY AMINISTRATION, Spokane Office,<br><br>    Defendants. | NO: 2:19-CV-78-RMP<br><br>ORDER DISMISSING COMPLAINT FOR LEGAL INSUFFICIENCY |

  BEFORE THE COURT is Plaintiff Naathon-Ray Johnson's complaint, ECF No. 1.  Mr. Johnson is proceeding *pro se* and *in forma pauperis*.  Magistrate Judge John T. Rodgers reviewed Mr. Johnson's application to proceed *in forma pauperis* and granted Mr. Johnson that status.  ECF No. 5.  This Court is performing the second part of the screening process under 28 U.S.C. § 1915 to determine whether

ORDER DISMISSING COMPLAINT FOR LEGAL INSUFFICIENCY ~ 1

Mr. Johnson's lawsuit should be allowed to proceed to service of the complaint upon Defendants. The Court has reviewed the complaint and is fully informed.

## BACKGROUND

The following are the facts as alleged in Mr. Johnson's complaint. Mr. Johnson was determined to be disabled in either 2013 or 2014 because of the complications associated with his Crohn's disease and spine. ECF No. 1 at 5. He received social security income through a payee, who is a person appointed by the government to manage the social security income for someone who cannot manage it himself. *Id.* at 5–6. With his social security income, Mr. Johnson claims that leased a property in Colville, Washington beginning in May of 2017. *Id.* at 6.

Mr. Johnson alleges that his payee failed to continue paying him his social security income shortly after he began leasing the property. ECF No. 1 at 6. He then alleges he went without social security payments for several months. *Id.* He claims that he pleaded with Defendant Social Security Administration to set up a new payee, working with Defendant Rural Resources. *Id.* at 6–7. He also claims that he went through several evaluations with Defendant Alliance Mental Health Services to help prove his entitlement to social security income. *Id.* at 7.

Around this same time, Defendant claims he was having several medical issues relating to an unknown neurological disorder. ECF No. 1 at 8. He claims that these medical issues resulted in several trips to Defendant Providence Mount Carmel

Hospital. *Id.* at 8–9. At one point, he claims that Mount Carmel had Mr. Johnson "shipped out" to a facility on the west side of Washington. *Id.* at 9.

Mr. Johnson also claims that Rural Resources did not assist him with issues with his rental property in Colville. ECF No. 1 at 10. Mr. Johnson alleges that there were problems with the heating and plumbing, and that his neighbors would constantly steal things from his residence. *Id.* However, soon after, Mr. Johnson claims that he received forged eviction papers and a notice of abandonment of property. *Id.* at 10–11. Mr. Johnson also claims that the power was turned off in January of 2019. *Id.* at 11.

Mr. Johnson then claims that Defendant Spokane Sheriff's Department arrested him for trespassing on his own property. ECF No. 1 at 11. He was placed in Stevens County Jail and charged with trespassing. *Id.* at 12. While in prison, Mr. Johnson claims that he was not given his needed medication and was denied access to legal envelopes and materials. *Id.* at 13. At his preliminary hearing, Mr. Johnson alleges that he stated that he wanted to represent himself, but the Stevens County Superior Court denied his request and appointed Mr. Johnson a public defender. *Id.* Mr. Johnson claims he was not given an opportunity to speak at his preliminary hearing. *Id.* He also claims that he was never given an information, complaint, citation, or police report. *Id.* at 12. Mr. Johnson claims that he was released on the same day. *Id.*

After he was released, Mr. Johnson claims that he returned to his rental property and discovered that all of his belongings were missing. ECF No. 1 at 13. While he tried to inventory what was missing, Mr. Johnson claims that he was again arrested for trespassing. *Id.* He claims that his second preliminary hearing was just like his first. *Id.* at 14.

Mr. Johnson then filed this complaint against Defendants, claiming that they violated his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. ECF No. 1 at 3. He also claims that they violated the Social Security Act, Americans with Disabilities Act, and "State law/Regulations Concurrent with federal law." *Id.*

## SCREENING REQUIREMENT AND LEGAL STANDARD

A district court must screen complaints brought by litigants proceeding *in forma pauperis* and shall dismiss the proceeding at any time if the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

The Court reviews Plaintiff's complaint to determine if it gives enough notice and detail to allow the defendants to "reasonably prepare a response." *See, e.g.*, *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are stated, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> (a) **Claim for Relief**. A pleading that states a claim for relief must contain:

ORDER DISMISSING COMPLAINT FOR LEGAL INSUFFICIENCY ~ 4

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(emphasis in original).

Generally, a complaint must be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to relief that is plausible on its face.'" *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009)).

A *pro se* plaintiff's complaint is to be construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, a *pro se* plaintiff's complaint must contain factual assertions sufficient to infer that, if the plaintiff's allegations are accepted as true, the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

Mr. Johnson's constitutional claims are construed as section 1983 claims. Additionally, to any extent Mr. Johnson asserts the constitutional claims against Rural Resources, Alliance Mental Health Services, or Providence Mount Carmel Hospital, the Court finds those claims legally insufficient because these three Defendants are not government actors. *See* 42 U.S.C. § 1983 (requiring that a defendant to a section 1983 claim act under color of law).

*First Amendment*

Mr. Johnson appears to make a First Amendment claim against the Spokane County Sheriff's Office for not allowing him to speak at his criminal proceedings. ECF No. 1 at 3, 12. This claim is legally insufficient because the Sheriff's Office has no control over Mr. Johnson's right to speak in criminal proceedings before the Stevens County Superior Court. Further, even if the Sheriff's Office were accountable for what happened in court, "[a] traditional First Amendment analysis supports the conclusion that all participants in a courtroom proceeding lack a First Amendment right to 'speak freely' before the Court." *Franck v. Hubbard*, No. 07-0846 J(NLS), 2009 WL 1037703, at *6 (S.D. Cal. Apr. 17, 2009). Therefore, the Court finds that Mr. Johnson's First Amendment claim is legally insufficient.

*Fourth Amendment*

Mr. Johnson claims that his Fourth Amendment rights were violated. ECF No. 1 at 3. Liberally construing Mr. Johnson's complaint, he appears to claim that

ORDER DISMISSING COMPLAINT FOR LEGAL INSUFFICIENCY ~ 6

he was unlawfully detained for allegedly trespassing on the property that he rented. *Id.* at 11–13. Mr. Johnson also states that there was a letter taped on his door stating that Mr. Johnson had abandoned his property. *Id.* at 12. "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Because of the letter notifying Mr. Johnson that he had abandoned his rented property, it appears that the Sheriff's Department had probable cause to believe that he was trespassing on the property. Therefore, the Court finds that Mr. Johnson's Fourth Amendment claim is legally insufficient.

***Fifth Amendment***

Mr. Johnson claims that the Sheriff's Department violated his Fifth Amendment rights. ECF No. 1 at 3. Liberally construing Mr. Johnson's complaint, it appears that his Fifth Amendment claim is based on a denial of due process when he was allegedly arrested for trespassing, outside his residence in Colville, Washington. *Id.* at 11–13.

To succeed on a federal procedural due process claim, a party must prove two elements. First, a person must show that he or she was deprived of a protected liberty or property interest. *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1073 (9th Cir. 2015). Second, the person must prove that the deprivation of the protected interest was caused by a denial of adequate procedural protections. *Id.* A person has a

protected liberty interest in being free from government restraint. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Mr. Johnson alleges that the Sheriff's Department arrested him twice on charges of trespassing, which would violate his liberty interest. ECF No. 1 at 11–13. However, Mr. Johnson's complaint also states that he was given a preliminary hearing and released on the same day each time that he was arrested. *Id.* at 12, 14. Preliminary hearings are the procedural protections given to people after they have been accused of a crime. Because Mr. Johnson received the procedural safeguards that come with being arrested, Mr. Johnson fails to state a due process claim against the Sheriff's Department. Therefore, the Court finds that Mr. Johnson's Fifth Amendment claim is legally insufficient.

**Sixth Amendment**

Mr. Johnson claims that the Sheriff's Department violated his Sixth Amendment rights. ECF No. 1 at 3. Liberally construing Mr. Johnson's complaint, Mr. Johnson appears to claim that they violated his Sixth Amendment rights by not letting him represent himself in court. *Id.* at 12.

A defendant in a criminal case may waive the Sixth Amendment right to counsel and proceed *pro se* if the waiver is literate, competent, understanding, intelligent, and voluntary. *Faretta v. California*, 422 U.S. 806, 835–36 (1975). Mr. Johnson claims that he informed his appointed counsel and the court that he would be representing himself, but that the court denied his request. ECF No. 1 at 12. The

right to self-representation is not absolute, and it is unclear from Mr. Johnson's allegations how the Sixth Amendment was violated when he was not permitted to represent himself. *See Indiana v. Edwards*, 554 U.S. 164, 171 (2008) (collecting cases). Additionally, even if Mr. Johnson can state a Sixth Amendment claim for his inability to represent himself, the Sheriff's Department is not liable for anything that happened to him in Stevens County Superior Court, because there is no basis for concluding that the Sheriff's Department controls actions in Stevens County Superior Court. Therefore, the Court finds Mr. Johnson's Sixth Amendment claim legally insufficient.

***Eighth Amendment***

Mr. Johnson claims that the Stevens County Sheriff's Department violated his Eighth Amendment rights. ECF No. 1 at 3. Liberally construing Mr. Johnson's complaint, Mr. Johnson appears to argue that his Eighth Amendment rights were violated when he was detained in Stevens County Jail for an alleged trespass. *Id.* at 12–13. He claims that he did not receive any medication and had limited access to legal materials. *Id.*

A person is liable for an Eighth Amendment violation if the person causes the "unnecessary and wanton infliction of pain" upon a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state an Eighth Amendment claim, a prisoner must satisfy an objective element and a subjective element. *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). The objective prong is met by showing a prisoner's serious medical

ORDER DISMISSING COMPLAINT FOR LEGAL INSUFFICIENCY ~ 9

need. *Estelle*, 429 U.S. at 104. A serious need exists if a failure to treat the injury could result in further significant injury or cause unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Evidence of a serious need include medical conditions that significantly affect an individual's daily activities or the existence of chronic and substantial pain. *Estelle*, 429 U.S. at 1059–60. Serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

The subjective prong of an Eighth Amendment claim is met by showing that prison officials denied, delayed, or intentionally interfered with the prisoner's medical treatment. *Hutchinson v. United States*, 838 F.3d 390, 394 (9th Cir. 1988). However, the prison officials must know of the prisoner's medical condition and then deliberately disregard it; the prisoner must show more than a lack of due care. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Mr. Johnson alleges that he was determined to be disabled in 2013 or 2014 due to complications stemming from Crohn's disease and spinal issues. ECF No. 1 at 4. Even if these medical issues constitute a "serious medical need" under the objective prong, Mr. Johnson has not pleaded facts that, if proven, would show that

ORDER DISMISSING COMPLAINT FOR LEGAL INSUFFICIENCY ~ 10

the Stevens County Sheriff's Department violated the subjective prong. Mr. Johnson alleges that he did not receive his medications while imprisoned but does not state that the Sheriff's Department knew or had reason to know of his need for medications. ECF No. 1 at 12–13. Further, he has not alleged that his denial of medications resulted from a deliberate indifference to his medical conditions rather than a lack of due care. *Id.*

Because Mr. Johnson has not alleged that the Sheriff's Department knew or had reason to know of his medical conditions, Mr. Johnson's Eighth Amendment claim is legally insufficient.

*Fourteenth Amendment*

Mr. Johnson alleges that his Fourteenth Amendment rights were violated. ECF No. 1 at 3. Liberally construing Mr. Johnson's complaint, Mr. Johnson alleges that he was denied equal protection by the Sheriff's Department. *Id.*

To succeed on a section 1983 claim for equal protection, a plaintiff must show that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Absent proof of membership in a protected class, a plaintiff can succeed by showing that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). But this "class of one" equal protection theory does not apply in cases which "by their nature

involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 603 (2008).

Mr. Johnson fails to allege his membership in a protected class or explain how he was treated differently from others similarly situated. ECF No. 1. By failing to allege these details, Mr. Johnson does not give enough notice to allow the Sheriff's Department to "reasonably prepare a response." *Paulsen, Inc.*, 559 F.3d at 1071. Therefore, the Court finds that Mr. Johnson's construed equal protection claim is legally insufficient.

*Social Security Act*

Mr. Johnson claims that Defendants violated the Social Security Act. ECF No. 1 at 3. Liberally construing Mr. Johnson's complaint, it appears he claims that Defendants conspired to deny him his social security income by failing to establish a payee for Mr. Johnson's income. *Id.* at 6. The Social Security Act contains no private right of action. *See Maine v. Thuboutot*, 448 U.S. 1, 6 (1980); *Edelman v. Jordan*, 415 U.S. 651, 676 (1974). Therefore, the Court finds that Mr. Johnson's Social Security Act claim is legally insufficient.

*Americans with Disabilities Act*

Mr. Johnson claims that Defendants violated the Americans with Disabilities Act ("ADA"). ECF No. 1 at 3. It is unclear which title of the ADA Mr. Johnson claims that Defendants violated. *Id.* Liberally construing Mr. Johnson's complaint,

ORDER DISMISSING COMPLAINT FOR LEGAL INSUFFICIENCY ~ 12

he appears to claim that he was discriminated against because of his disability throughout his troubles with Defendants, which could mean claims under Titles II and III of the ADA. ECF No. 1; *see also* 42 U.S.C. §§ 12132 & 12182(a). However, it is not apparent how Defendants discriminated against Mr. Johnson because of his disabilities, and Mr. Johnson does not allege facts supporting his claim of discrimination. ECF No. 1. Mr. Johnson's ADA claim does not give enough notice and detail to allow Defendants to "reasonably prepare a response." *Paulsen, Inc.*, 559 F.3d at 1071. Therefore, the Court finds that Mr. Johnson's ADA claim is legally insufficient.

*State Law or Regulations Concurrent with Federal Law*

On page 3 of Mr. Johnson's complaint, in a section in which Mr. Johnson lists his claims, Mr. Johnson states that his final claim is under "State law/Regulations Concurrent with federal law." ECF No. 1 at 3. Even when broadly construing this statement, it is unclear what kind of claim Mr. Johnson is making with this language. This claim does not give enough notice and detail to allow the Court to fully analyze it or the Defendants to "reasonably prepare a response." *Paulsen, Inc.*, 559 F.3d at 1071. Therefore, the Court finds that Mr. Johnson's final claim is legally insufficient.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED** without prejudice for legal insufficiency. 28 U.S.C. § 1915(e)(2).

ORDER DISMISSING COMPLAINT FOR LEGAL INSUFFICIENCY ~ 13

2. The Court certifies that any appeal of this order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide a copy to Mr. Johnson, and **close this case**.

**DATED** April 15, 2019.

                                         *s/ Rosanna Malouf Peterson*
                                         ROSANNA MALOUF PETERSON
                                         United States District Judge

ORDER DISMISSING COMPLAINT FOR LEGAL INSUFFICIENCY ~ 14